# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0043, <u>U.S. Bank Trust, N.A., Trustee v. Kevin Clifford & a.</u>, the court on January 31, 2019, issued the following order:**

Having considered the defendants' brief and reply brief, the plaintiff's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendants Kevin Clifford and Elena Rodionova appeal orders of the Superior Court (<u>Ignatius</u>, J.) entering a final judgment in favor of the plaintiff, U.S. Bank Trust, N.A., trustee for the LSF9 Master Participation Trust, on the defendants' defaults, denying the defendants' requests to set the defaults aside, to order a new trial, and to dismiss the case, and denying their motion to disqualify the presiding trial judge. They argue that the trial court erred by not vacating the defaults and not granting their motion to recuse.

"The trial court's decision whether to strike an entry of default is within its discretion; we will not disturb such a ruling unless the court unsustainably exercised its discretion or erred as a matter of law." <u>In the Matter of Maynard & Maynard</u>, 155 N.H. 630, 633 (2007) (quotation and brackets omitted). Under RSA 526:1 (2007), a trial court may grant a new trial when it determines that "through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." "Accident, mistake or misfortune" is something outside of the defendants' control, or something that a reasonably prudent person would not be expected to guard against or be prepared to address. <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006). The trial court's finding concerning whether accident, mistake, or misfortune occurred is conclusive unless it is unsupported by the evidence. <u>Id</u>.

A defendant is generally required to file an appearance and either an answer or a motion to dismiss a complaint within thirty days of being served with the summons and complaint. <u>See</u> <u>Super. Ct. R.</u> 4(e), 9. If a defendant fails to file a timely answer, the defendant "<u>shall</u> be defaulted." <u>Super. Ct. R.</u> 42(a) (emphasis added). Absent an agreement of the parties to the contrary, the trial court "shall strike the default <u>only upon motion and affidavit of defense, specifically setting forth the defense and the facts on which the defense is based</u>." <u>Id</u>. (emphasis added). These rules are not relaxed for self-represented parties. <u>See, e.g.</u>, <u>Birmingham</u>, 154 N.H. at 56-57.

We note that the defendants' appendix does not include a copy of the complaint. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (stating that appealing party has burden to provide record sufficient to decide issues on appeal, and that relevant portions of record not provided are assumed to support the trial court's decision). Both the trial court's order granting the plaintiff's motion for final judgment and the representations of the plaintiff's counsel at the hearing on that motion, however, establish that the complaint sought an equitable order authorizing service upon a guardian ad litem (GAL) of notices of foreclosure directed to defendants Fedor Rodionov and Valentina Rodionova pursuant to RSA 479:25 (Supp. 2018). Fedor Rodionov and Valentina Rodionova have an interest, along with Kevin Clifford and Elena Rodionova, in a certain New Hampshire property encumbered by a mortgage. However, they reside at an unknown address in Russia.

Federal National Mortgage Association (Fannie Mae) originally effected abode service of the complaint upon defendant Kevin Clifford on January 29, 2015, and served all of the defendants by publication. The trial court appointed a GAL, who accepted service of process on behalf of Elena Rodionova, Fedor Rodionov, Valentina Rodionova, and the Clifford Family Revocable Trust. None of the defendants timely filed an answer. Kevin Clifford, however, filed a motion to quash service of process. On March 9, 2015, the trial court denied the motion to quash, but extended the deadline to file an answer to April 1, 2015.

Kevin Clifford moved to reconsider the denial of his motion to quash, moved to strike certain statements in the objection to his motion to quash, and filed a pleading purporting to provide notice of his intent to appeal. None of the defendants, meanwhile, filed an answer by April 1, and Fannie Mae moved for the entry of default. The trial court denied all pending motions, but "in view of the reconsideration request," it again extended the deadline for filing an answer to May 1, 2015, stating that "[t]his is the final extension."

Again, none of the defendants filed an answer or appearance. On May 1, 2015, however, Kevin Clifford filed a motion "for a more definite statement," claiming that language used in the complaint was ambiguous. On May 6, 2015, the trial court entered default against each of the defendants. Both Kevin Clifford and Elena Rodionova moved for an extension of time in which to file motions for reconsideration and to strike the defaults. They did not, however, file any motions to strike the defaults. We note that Superior Court Rule 42 contains no specific deadline by which a motion to strike a default must be filed. With their motions, they submitted affidavits, purportedly pursuant to Rule 42, asserting that they are self-represented, that they thought Kevin Clifford's prior filings satisfied their obligations under the Superior Court Rules, that Kevin Clifford had been "very ill" prior to and after the May 1, 2015 answer deadline, that Kevin Clifford had prepared appearance forms for himself

and Elena Rodionova that he had neglected to file, and that they were attempting to secure legal representation. At no point in the affidavits did they articulate their "defense[s] and the facts on which the defense[s] [were] based." Super. Ct. R. 42(a). The trial court denied the motions, finding that its orders extending the answer deadline and defaulting the defendants were "clear, reasonable, and appropriate," and that "an extension of time for another reconsideration request is not warranted based on the prior orders."

In November 2016, Fannie Mae filed a motion to substitute the plaintiff for it on the basis that it had assigned its rights under the relevant mortgage to the plaintiff. We note that the record on appeal does not include a full copy of the motion. See Bean, 151 N.H. at 250. The trial court granted the motion.

Subsequently, the plaintiff moved for the entry of final judgment. See Super. Ct. R. 42(d). Kevin Clifford and Elena Rodionova objected, requesting that the trial court vacate the default judgments. They submitted affidavits claiming, without specification, that they believed "a number of allegations made by the Plaintiff in the original petition are untrue and misleading." Separately, they moved to dismiss, arguing that they had recently discovered evidence that the plaintiff lacks standing to foreclose upon their mortgage. At the hearing on the motions, counsel for the plaintiff emphasized that it had not yet commenced any foreclosure, that the complaint merely sought authority to serve future foreclosure notices directed to Fedor Rodionov and Valentina Rodionova upon the GAL, and that the defendants could seek to enjoin any future foreclosure, and to raise any defenses to foreclosure, should the plaintiff commence a foreclosure. The trial court denied the motion to dismiss on the basis that the defendants had already been defaulted, and granted the motion for the entry of final judgment, ruling that "[a]ny notices of foreclosure . . . that would otherwise be sent to Fedor Rodionov and Valentina Rodionova, may instead be served upon the [GAL], . . . as well as Kevin Clifford, Elena Rodionova, and the Clifford Family Revocable Trust."

Kevin Clifford and Elena Rodionova subsequently moved to set aside the final decree and for a new trial pursuant to RSA 526:1, arguing once again that they had discovered evidence that the plaintiff lacked standing to foreclose. They further argued that they were only in "technical default," that they were not in "substantial default," and that they were entitled, therefore, to present a defense. The trial court denied the motion, observing that the "assertions in the motion are extensions of the arguments made at the" hearing on the motion for the entry of final judgment, and that there was no basis to set the decree aside or grant the defendants a new trial. The trial court denied a subsequent motion for reconsideration, and this appeal followed.

Upon this record, we cannot say that the trial court unsustainably exercised its discretion or erred as a matter of law by not vacating the defaults.

3

Maynard, 155 N.H. at 633. The record demonstrates that the defendants were given multiple extensions of time to file answers, and that, although Kevin Clifford had filed a motion "for a more definite statement" in which he claimed that numerous words and phrases in the complaint were ambiguous, no party had timely filed an answer. The record further demonstrates that, although Kevin Clifford and Elena Rodionova had requested extensions of time within which to move to strike the defaults, they did not, in fact, request that the court strike the defaults until the plaintiff had moved for the entry of final judgment, nearly two years after the trial court had entered the defaults. In support of their requests to strike the defaults, Kevin Clifford and Elena Rodionova submitted affidavits that did not "specifically set[] forth the[ir] defense[s] and the facts on which the[ir] defense[s] [were] based," Super. Ct. R. 42(a), but merely asserted that they believed "a number of allegations . . . in the original petition are untrue and misleading." To the extent they intended their arguments concerning the plaintiff's alleged lack of standing to be their defense, we note that this defense concerns the merits of a foreclosure that had not yet occurred. It addressed neither the relief sought by the plaintiff — authority to serve future foreclosure notices directed to Fedor Rodionov and Valentina Rodionova upon the GAL — nor the factual basis for such relief — the inability to locate Fedor Rodionov and Valentina Rodionova.

Nor was the trial court compelled to grant a new trial based upon accident, mistake, or misfortune. RSA 526:1. The new evidence that Kevin Clifford and Elena Rodionova had allegedly discovered concerned the plaintiff's alleged lack of standing to foreclose. As noted above, this defense addressed the merits of a future foreclosure, and not the relief sought by the plaintiff. Moreover, in light of the fact that Kevin Clifford had filed, within the deadline for filing an answer, a motion for a more definite statement in which he took issue with numerous words and phrases used in the complaint, the trial court reasonably could have found that the failure to file a timely answer was not due to accident, mistake, or misfortune. See Birmingham, 154 N.H. at 56.

Finally, we have reviewed the record in this case, and can find no basis upon which a reasonable person would have questioned Judge Ignatius's impartiality, or any evidence that any of the factors that would have per se disqualified Judge Ignatius was present. See State v. Bader, 148 N.H. 265, 268-71 (2002).

We emphasize, as the plaintiff's counsel emphasized at the hearing, the limited nature of the relief obtained by the plaintiff: pursuant to the judgment, the plaintiff may serve future foreclosure notices directed to Fedor Rodionov and Valentina Rodionova "upon the [GAL], . . . as well as Kevin Clifford, Elena Rodionova, and the Clifford Family Revocable Trust." Nothing in the judgment establishes the plaintiff's entitlement to foreclose upon the relevant mortgage,

or otherwise precludes Kevin Clifford and Elena Rodionova from raising any defenses to foreclosure that they otherwise might have.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**